UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY BYRKETT, individually and on behalf of other similarly situated employees, | Case No. 1:22-cv-5376 |
| *Plaintiff*, | Collective Action Pursuant to 29 U.S.C. § 216(b) |
| v. | Class Action |
| ARCADIS U.S., INC. | |
| *Defendant*. | |

# CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Arcadis U.S., Inc. (Arcadis) failed to pay Anthony Byrkett (Byrkett) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL).

2. Instead, Arcadis paid Byrkett and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime").

3. As a result of this straight time for overtime pay practice, Byrkett and the other workers like him did not receive a guaranteed salary.

4. Since Byrkett and the other workers like him didn't receive a guaranteed salary, they are not exempt under the FLSA and IMWL.

5. Byrkett brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA and the IMWL.

### JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

7. The Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

8. The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. Byrkett worked for Arcadis in this District and Division during the relevant time period.

## THE PARTIES

11. During the operative time period, Byrkett was an hourly employee of Arcadis.

12. Throughout his employment, Byrkett was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

13. During the operative time period, Byrkett worked for Arcadis in Chicago, Illinois.

14. Byrkett's written consent is attached as Exhibit 1.

15. Byrkett was a construction inspector or field inspector for Arcadis.

16. Arcadis staffed Byrkett to Chicago Transit Authority.

17. Byrkett brings this Action on behalf of himself and other similarly situated workers who were paid by Arcadis' "straight time for overtime" system.

18. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All former and current employees of Arcadis who were paid straight time for overtime during the past 3 years (the "FLSA Class").**

19. Byrkett seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

20. Byrkett further seeks certification of a class under FED. R. CIV. P. 23 to remedy Arcadis' violations of the IMWL.

21. The class of similarly situated employees sought to be certified as a class action under the IMWL is defined as:

> **All former and current employees of Arcadis who were paid straight time for overtime during the past 3 years in Illinois (the "Illinois Class").**

22. Members of the FLSA Class and Illinois Class will be referred to as "Class Members."

23. Arcadis U.S., Inc., is incorporated in Delaware. Arcadis may be served with process by serving its registered agent, CT Corporation System, at 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## COVERAGE UNDER THE FLSA AND IMWL

24. At all times hereinafter mentioned, Arcadis was Plaintiff's employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all times hereinafter mentioned, Arcadis was Plaintiff's employer within the meaning of the IMWL.

26. At all times hereinafter mentioned, Arcadis was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

27. At all times hereinafter mentioned, Byrkett was Defendant's employee within the meaning of the IMWL.

28. At all times hereinafter mentioned, Arcadis was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials, such as cell phones and computers that have been moved in or

3

produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000.

29. At all times hereinafter mentioned, Byrkett and the Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

30. Arcadis is an international company specializing in design, engineering, and consultancy solutions.

31. Arcadis employs over 29,000 people in more than 70 countries.

32. To provide services to its clients, Arcadis hires employees it pays on an hourly basis.

33. During the operative time period, Byrkett was an hourly employee of Arcadis.

34. Byrkett worked for Arcadis as a field inspector.

35. Byrkett would review and inspect construction on a railroad project in Chicago.

36. Byrkett would ensure other construction workers were following known safety and construction standards.

37. Byrkett was employed by Arcadis from June 2019 until March 2022.

38. Byrkett was paid roughly $72 an hour for every approved hour worked.

39. Byrkett was an hourly employee of Arcadis.

40. Byrkett was not paid a guaranteed salary.

41. Byrkett was not guaranteed a salary which was reasonably related to what he actually earned.

42. Byrkett was staffed by Arcadis to the Chicago Transit Authority.

43. Byrkett would often work more than 40 hours in a workweek.

44. Byrkett would normally work 45 to 55 hours in a workweek.

45. So Byrkett would normally work 5 – 15 hours of overtime per workweek.

46. Arcadis paid Byrkett by the hour.

47. Byrkett reported the hours he worked to Arcadis on a regular basis.

48. The hours Byrkett worked are reflected in Arcadis' payroll records.

49. Arcadis paid Byrkett the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

50. Arcadis did not pay Byrkett overtime compensation for all hours worked in excess of 40 hours in a single workweek.

51. Rather than receiving time and half as required by the FLSA and IMWL, Byrkett only received "straight time" pay for overtime hours worked.

52. This "straight time for overtime" payment scheme violates the FLSA and IMWL.

53. Arcadis was aware of the overtime requirements of the FLSA and IMWL

54. Arcadis has been sued for violating the FLSA before.

55. Arcadis nonetheless failed to pay certain hourly employees, such as Byrkett, overtime compensation.

56. Byrkett and members of the FLSA and Illinois Classes perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

57. Byrkett and members of the FLSA and Illinois Classes perform work in furtherance of the energy/power and transportation sectors.

58. Byrkett and members of the FLSA and Illinois Classes also worked similar hours and were denied overtime compensation as a result of the same illegal pay practice.

59. Byrkett and members of the FLSA and Illinois Classes regularly worked in excess of 40 hours each workweek.

60. Arcadis did not pay Byrkett and members of the FLSA and Illinois Classes on a salary basis.

61. Arcadis paid Byrkett and members of the FLSA and Illinois Classes "straight time for overtime."

62. Arcadis failed to pay Byrkett and members of the FLSA and Illinois Classes overtime compensation for hours worked in excess of 40 hours in a single workweek.

63. Arcadis failed to pay Byrkett and members of the FLSA and Illinois Classes a guaranteed salary.

64. Arcadis failed to pay Byrkett and members of the FLSA and Illinois Classes on a salary basis.

65. Arcadis knew, or acted with reckless disregard for whether, Byrkett and members of the FLSA and Illinois Classes were misclassified as exempt.

66. Arcadis' failure to pay overtime compensation to these hourly workers was, and is, a willful violation of the FLSA and IMWL because Byrkett and the members of the FLSA and Illinois Classes were misclassified as exempt and denied overtime compensation.

## FIRST CAUSE OF ACTION –
## VIOLATION OF THE FLSA

67. Byrkett incorporates by reference all preceding paragraphs.

68. By failing to pay Byrkett and the FLSA Class Members overtime compensation at one-and-one-half times their regular rates, Arcadis violated the FLSA's overtime provisions.

69. Arcadis owes Byrkett and the FLSA Class Members the difference between the rate actually paid and the proper overtime rate.

70. Because Arcadis knew or showed reckless disregard for whether its pay practices violated the FLSA, Arcadis owes these wages for at least the past three years.

71. Arcadis is liable to Byrkett and the FLSA Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

72. Byrkett and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CAUSE OF ACTION – IMWL VIOLATIONS

73. Byrkett incorporates by reference all preceding paragraphs.

74. Byrkett brings this claim under the IMWL

75. The conduct alleged violates the IMWL (820 ILCS 105/1 *et seq.*).

76. At all relevant times, Arcadis was subject to the requirements of the IMWL.

77. At all relevant times, Arcadis employed Byrkett and the Illinois Class Members as "employees" within the meaning of the IMWL.

78. The IMWL requires employers like Arcadis to pay employees at 1 and ½ times the regular rate of pay for hours worked in excess of forty hours in any one workweek. Byrkett and the Illinois Class Members are entitled to overtime pay under the IMWL.

79. Byrkett and the Illinois Class Members are entitled to recover their unpaid overtime compensation, treble damages, interest, attorney's fees, costs, and expenses of this action from Arcadis as provided by the IMWL. 820 ILCS 105/12.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

80. Byrkett incorporates by reference all other preceding paragraphs.

81. The illegal pay practices Arcadis imposed on Byrkett were imposed on members of the FLSA and Illinois Classes.

82. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and IMWL.

83. Numerous other individuals who worked with Byrkett were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

84. Based on their experiences and tenure with Arcadis, Byrkett is aware that Arcadis' illegal practices were imposed on members of the FLSA and Illinois Classes.

85. The members of the FLSA and Illinois Classes were not paid overtime compensation when they worked in excess of 40 hours per workweek.

86. Arcadis' failure to pay overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the FLSA and Illinois Classes.

87. Byrkett's experiences are therefore typical of the experiences of members of the FLSA and Illinois Classes.

88. The specific job titles or precise job locations of the various members of the FLSA and Illinois Classes do not prevent class or collective treatment.

89. Byrkett has no interests contrary to, or in conflict with, the members of the FLSA and Illinois Classes.

90. Like each member of the FLSA and Illinois Classes, Byrkett has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

91. Upon information and belief, Arcadis employed more than 40 Class Members in Illinois during the Relevant Period.

92. The precise size and the identity of the members of the FLSA and Illinois Classes, is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Arcadis.

93. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

94. Absent a class and collective action, many members of the FLSA and Illinois Classes, will not obtain redress of their injuries and Arcadis will reap the unjust benefits of violating the FLSA and applicable state labor law, including the IMWL.

95. Furthermore, even if some members of the FLSA and Illinois Classes could afford individual litigation against Arcadis, it would be unduly burdensome to the judicial system.

96. If individual actions were required to be brought by each member of the FLSA and Illinois Classes, it would necessarily result in a multiplicity of lawsuits and would create hardship to members of the FLSA and Illinois Classes, to Arcadis, and to the Court.

97. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the members of the FLSA and Illinois Classes, and provide for judicial consistency.

98. The questions of law and fact common to each of the members of the FLSA and Illinois Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Arcadis required Byrkett and members of the FLSA and Illinois Classes to work more than 40 hours during individual workweeks;

    b. Whether Arcadis' decision to pay the FLSA and Illinois Classes straight time for overtime was made in good faith;

    c. Whether Arcadis failed to pay Byrkett and members of the FLSA and Illinois Classes at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

    d. Whether Arcadis' violation of the FLSA and IMWL was willful; and

e. Whether Arcadis' illegal pay practices were applied to members of the FLSA and Illinois Classes.

99. Byrkett and members of the FLSA and Illinois Classes sustained damages arising out of Arcadis' illegal and uniform employment policy.

100. Byrkett knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

101. Byrkett will fairly and adequately represent and protect the interests of members of the FLSA and Illinois Classes.

102. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

103. By failing to pay Byrkett and those similarly situated to him overtime compensation at one-and-one-half times their regular rates, Arcadis violated the FLSA and IMWL's overtime provisions.

104. Arcadis owes Byrkett and those similarly situated to him overtime pay at the proper overtime rate.

105. Because Arcadis knew, or showed reckless disregard for whether, its pay practices violated the FLSA and IMWL, Arcadis owes these wages for at least the past three years.

106. Arcadis is liable to Byrkett and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

107. Byrkett and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**PRAYER**

108. Byrkett prays for relief as follows:

a. An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit him to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

c. For an Order appointing Byrkett and his counsel to represent the interests of the federal collective and the Illinois Class;

d. For an Order finding Arcadis liable to Byrkett and the FLSA Class for unpaid overtime compensation owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

e. For an Order finding Arcadis liable to Byrkett and the Illinois Class for unpaid overtime owed under the IMWL, as well as interest at the rate of 5% per month in the amount of the underpayment;

f. For an Order awarding penalty damages, attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**Dated:** September 30, 2022  /*s/Douglas M. Werman*
One of Plaintiff's Attorneys

Douglas M. Werman – dwerman@flsalaw.com
Maureen A. Salas – msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington, Ste 1402
Chicago, IL 60602
(312) 419-1008

    **AND**

Michael A. Josephson
Texas State Bar No. 24014780
mjosephson@mybackwages.com
Richard M. Schreiber
Texas State Bar No. 24056278
rschreiber@mybackwages.com
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Ste 3050
Houston, TX 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

    **AND**

Richard J. (Rex) Burch
Texas State Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH P.L.L.C.**
8 Greenway Plaza, Ste 1500
Houston, TX 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**